UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY COLELLA,

                        PLAINTIFF,            **COMPLAINT**

        -AGAINST-                        21-CV-9390

NEW YORK CITY, CAPTAIN CHRISTOPHER
TREUBIG, LIEUTENANT PAUL JURGENS, POLICE
OFFICER TERENCE WILLIAMS, POLICE OFFICER
PAULE RIVERA, and POLICE OFFICER STEPHEN
CAMBRIA, individually, and in their capacity as members
of the New York City Police Department,

                        DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Mr. Anthony Colella ("Mr. Colella") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 30, 2020, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Colella to the use of Excessive Force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Colella, is a citizen of the United States and currently resides in South Fallsburg, New York.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Captain Christopher Treubig ("Captain Treubig"), Lieutenant Paul Jurgens ("Lt Jurgens"), Police Officer Terence Williams ("PO Williams"), Police Officer Paul Rivera ("PO Rivera"), and Police Officer Stephen Cambria ("PO Cambria") at all times here relevant were members of the NYPD and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Colella is 34 years old and is an engineer in the construction industry.

11. On or about May 30, 2020, Mr. Colella was at Washington Square Park in Manhattan.

12. Mr. Colella was playing guitar with other musicians in the park.

13. A group of protestors arrived in the park.

14. The protestors were aggressive towards Mr. Colella, shouting at him.

15. Mr. Colella shouted back at the some of the protestors.

16. Mr. Colella left the park.

17. Mr. Colella then got in a dispute with more protestors on or around Fifth Avenue.

18. Captain Treubig approached Mr. Colella from behind and grabbed Mr. Colella.

19. Mr. Colella could not see Captain Treubig, so was unaware that he was a police officer.

20. Captain Treubig punched Mr. Colella in the head.

21. Lt Jurgens, PO Williams, PO Rivera, and PO Cambria arrived on the scene.

22. Mr. Colella was forced to the ground by the police officers.

23. The police officers held Mr. Colella down by his arms, legs, and upper body.

24. Mr. Colella was defenseless.

25. While Mr. Colella was held on the ground, Captain Treubig repeatedly punched Mr. Colella in the head.

26. Captain Treubig, Lt Jurgens, PO Williams, PO Rivera, and PO Cambria continued to repeatedly punch Mr. Colella in the head and torso.

27. PO Rivera then kicked Mr. Colella multiple times in the ribs.

28. Mr. Colella was handcuffed behind his back. The handcuffs were extremely tight and caused Mr. Colella pain in his hands and wrists.

29. Mr. Colella asked the police officers to loosen the handcuffs, but the police officers ignored Mr. Colella.

30. Mr. Colella was bleeding from his nose and mouth.

31. Mr. Colella was taken by ambulance to Mount Sinai hospital where he was treated for his injuries.

32. As a result of the incident, Mr. Colella suffered a broken nose; a burst lower lip; a chipped tooth; blood in his eyes; abrasions, contusions, and swelling to his nose, face, forehead, and elbows; pain in his left knee; pain in his back and ribs; scarring on his wrists; and a lack of sensation in both hands.

33. After several hours, Mr. Colella was taken to Central Booking, where he was charged with assault and resisting arrest.

34. Subsequently, all charges against Mr. Colella were dismissed.

35. As a direct result of this incident Mr. Colella has suffered both mental and physical damages.

36. Mr. Colella's physical injuries took several months to heal and the lack of sensation in Mr. Colella's hands persisted for several weeks following the incident.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – Excessive Force)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

39. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

40. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 12, 2021

By: _____

Malcolm Anderson
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075